# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-40683
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS DEAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(4:96-CR-67-3)

March 3, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dennis Dean appeals his convictions for conspiracy to commit bank fraud and for bank fraud under 18 U.S.C. §§ 371 and 1344, respectively. He contends that the prosecution did not produce evidence sufficient to convict him of the offenses and that his passing of bad checks did not constitute bank fraud under section 1344(2). He further contends that the trial court erred in admitting extrinsic offense evidence. Finally, as to sentencing, Dean maintains that the court erred in determining the amount of loss to be considered in the relevant

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

conduct assessment, and in its finding that the offense involved more than minimal planning.

Our review of the record and briefs persuades that the district court did not commit reversible error. We reject Dean's contention that the record is devoid of evidence that he participated in a conspiracy to commit bank fraud and that he committed bank fraud.[1] Sufficient evidence of same exists. We likewise reject Dean's contention that his passage of bad checks did not constitute bank fraud. His reliance on **United States v. Medeles**[2] is misplaced. The fraudulent representations made and inherent in passing bad checks facilitated the fraud and constituted a violation of section 1344(2).

Nor did the court abuse its discretion by admitting extrinsic offense evidence, specifically, evidence of counter checks passed by Dean resulting in his guilty plea to state charges of theft by check. The evidence was relevant to an issue other than Dean's character and the limitations placed on the prosecution's use of the evidence muted any prejudicial effect.[3]

Finally, neither the district court's finding of the amount of the loss attributable to Dean's conduct,[4] nor the finding that his involvement exceeded

---

[1] **United States v. Johnson**, 87 F.3d 133 (5th Cir. 1996), cert.. denied, 117 S.Ct. 1482 (1997) (absent a timely motion for judgment of acquittal, review of the sufficiency of the evidence is limited to determining whether a manifest miscarriage of justice exists).

[2] 916 F.2d 195 (5th Cir. 1990).

[3] **United States v. Bentley-Smith**, 2 F.3d 1368 (5th Cir. 1993); **United States v. Beechum**, 582 F.2d 898 (5th Cir. 1978) (en banc).

[4] **United States v. Wimbish**, 980 F.2d 312 (5th Cir. 1992).

minimal planning[5] is clearly erroneous.

The convictions and sentences are therefore AFFIRMED.

---

[5] **United States v. Clements**, 73 F.3d 1330 (5th Cir. 1996).